**Robert BIDDLE, Jr., Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION.**

Commonwealth Court of Pennsylvania.

Argued Dec. 3, 2002.

Decided Feb. 11, 2003.

Reargument Denied April 1, 2003.

Martin G. Goch, Philadelphia, for appellant.

Jane H. Fisher, Norristown, for appellee.

Before PELLEGRINI, J., LEAVITT, J., and FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Robert Biddle, Jr. (Biddle) appeals from a decision of the Court of Common Pleas of Delaware County (trial court) which denied Biddle's motion for post trial relief in

the nature of a motion for a new trial and motion for judgment not withstanding the verdict (JNOV). We affirm.

On February 25, 1997, at about 1:30 p.m., Biddle was traveling northbound in the middle lane of Interstate 95 (I–95) in Delaware County doing about 55 miles per hour. The weather was clear, dry and cool. The car in front of Biddle suddenly flew into the air. Biddle swerved and the passenger side of his car collided with a steel expansion joint that had risen about two feet above the roadway. Several cars behind Biddle also hit the raised expansion joint. Biddle was injured as a result of the collision.

About two weeks after the incident, Biddle observed a crew from the Department of Transportation (Department) at the foot of the Platt Bridge, adjacent to I–95. Biddle spoke with a person who he believed to be the supervisor. At trial, the Department made a motion in limine to preclude Biddle from testifying as to what the alleged supervisor told him regarding the condition of the roadway at the accident site, as that testimony would be hearsay. Biddle contended that the statements were admissible as admissions by a party opponent. The trial court granted the Department's motion.

Biddle also contended at trial that the raised steel expansion joint was a dangerous condition of the highway and that the Department should be deemed negligent by the doctrine of *res ipsa loquitur*. The trial court disagreed and Biddle now appeals to our Court.[1]

Biddle contends that the trial court erred in precluding his testimony concerning what the alleged Department supervisor told him and in holding that Biddle did not prove negligence under *res ipsa loquitur*.

■ The Pennsylvania Rules of Evidence 803(25)(D) allows statements offered against a party if it is:

(D) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship.... The contents of the statement may be considered but are not alone sufficient to establish ... the agency or employment relationship and scope thereof under subdivision (D)....

Pa.R.E. 803(25)(D). Biddle planned to testify that he spoke with a Department supervisor near the site of the accident and that the supervisor informed him that the Department knew of a problem there for more than a year and that the Department was unsuccessful in its attempts to repair that roadway. The record reflects that the alleged supervisor was never found or identified by Biddle or the Department.

An out-of-court statement made by an unidentifiable person is hearsay pursuant to Rule 803(25). In *Sehl v. Vista Linen Rental Service, Inc.*, 763 A.2d 858 (Pa.Super.2000), our Superior Court determined that a statement made by an agent or servant of a party is admissible if the following three things are established:

(1) the declarant was an agent or employee of the party opponent; (2) the declarant made the statement while employed by the principal; and (3) the statement concerned a matter within the scope of the agency or employment.

*Id.*, at 862.

In *Sehl*, the plaintiff was unable to positively identify the person who made the statements he wished to introduce. The

---

1. Our review of the trial court's denial of a motion for a new trial is whether the trial court clearly and palpably abused its discretion or committed an error of law that affected the outcome of the case. *Chanthavong v. Tran*, 452 Pa.Super. 378, 682 A.2d 334 (1996).

trial court found that without the identity of the declarant, they were unable to determine whether the declarant was a person authorized to make such a statement. Our Superior Court held, in pertinent part as follows:

[I]t is the proponent of the statement who bears the burden of establishing the declarant's scope of employment. Here, the Appellants have failed to meet their burden, as they could not even identify who the speaker was let alone whether the statements concerned a matter within the scope of his responsibilities. To admit the instant testimony without a proper showing that the statement concerns matters within the scope of the declarant's employment would invite every rumor or innuendo spread within the workplace to come in as an admission against the employer even though the speaker has not acquired knowledge of the subject matter about which he speaks as part of the duties of his employment. This of course would undermine the premise of trustworthiness upon which the rule is based.

*Id.* at 863.

Like in *Sehl*, Biddle was unable to identify the person he spoke with near the site of the accident. Thus, he failed to meet his burden of showing that the statements concerned a matter within the scope of the unidentified person's responsibilities. Accordingly, we must affirm this portion of the trial court's opinion.

■ Next, Biddle contends that the trial court erred in holding that he did not prove negligence under *res ipsa loquitur*. The theory of *res ipsa loquitur* relies upon the fact that the negligence of the defendant is presumed to have caused the harm suffered by the plaintiff when:

(a) the event is of the kind which ordinarily does not occur in the absence of negligence;

(b) other responsible causes, including conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and

(c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.

Restatement (Second) of Torts § 328(D) (1965). *See also, Hightower–Warren v. Silk,* 548 Pa. 459, 698 A.2d 52 (1997).

A review of the record reveals that Biddle failed to present any evidence that this accident would not ordinarily occur absent the Department's negligence. There is no testimony of record that shows any negligence by the Department. There is no testimony as to what caused the steel expansion joint to rise above the road surface, or when it actually rose up.

The only testimony other than Biddle's, is that of Robert L. Bansept (Bansept), assistant Delaware County Maintenance Manager. Bansept testified that he inspected I–95 as part of his responsibilities in February 1996 and 1997 and that he only found general maintenance items which needed work done and found nothing wrong with any expansion joint. The Department is not assumed negligent just because the expansion joint had risen above the surface of the highway. Biddle failed to show that the event was of a kind which ordinarily does not occur in the absence of negligence.

Biddle also failed to sufficiently eliminate other responsible causes of the expansion joint rising up. Biddle failed to present any evidence upon which the trial court could reasonably conclude that the negligence was more probably than not the fault of the Department. *Smith v. City of Chester,* 357 Pa.Super. 24, 515 A.2d 303 (1986). Biddle did not suggest or elimi-

nate any other possible causes of the raised expansion joint.[2]

Accordingly, we must affirm the trial court.

Judge PELLEGRINI concurs in result only.

## ORDER

AND NOW, this *11th* day of *February,* 2003, the order of the Court of Common Pleas of Delaware County in the above captioned matter is affirmed.

---

**2.** Biddle failed to prove the first two parts of the test, therefore, we need not address the last part of the test in this matter.