# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carl F. Miller, Jr., an individual, :
                   Appellant :
                   :
         v. : No. 1654 C.D. 2015
                   : Submitted: April 22, 2016
Davies Ford, Inc., a corporation :

**BEFORE: HONORABLE P. KEVIN BROBSON, Judge**
                **HONORABLE MICHAEL H. WOJCIK, Judge**
                **HONORABLE JAMES GARDNER COLINS, Senior Judge**

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**               **FILED: September 1, 2016**

       Carl F. Miller, Jr. (Miller) appeals from an order of the Court of Common Pleas of Washington County (trial court), granting Davies Ford, Inc.'s (Davies Ford) Motion for Summary Judgment.[1] For the reasons discussed below, we reverse the trial court's order and remand this action to the trial court for proceedings consistent with this opinion.

---

[1] An appeal of an order of a court of common pleas granting summary judgment in a civil action between two private parties based upon a cause of action for negligence would not normally fall within the appellate jurisdiction of this Court. *See* 42 Pa. C.S. § 762. Miller nevertheless appealed to this Court, and Davies Ford has not objected to our jurisdiction. Thus, jurisdiction is perfected. *See* Pa. R.A.P. 741(a); *Housing Auth. of Pittsburgh v. Van Osdol*, 40 A.3d 209, 214 n.7 (Pa. Cmwlth. 2012).

The facts underlying the instant appeal were set forth in Miller's complaint as follows.[2] In 2009, Ford Motor Company (Ford) issued a recall notice informing consumers that a speed control deactivation switch (SCDS)[3] installed in certain vehicles could potentially cause a fire in the engine compartment. Miller was the owner of a 1993 Ford E150 conversion van subject to the recall. On or about October 9, 2009, Miller received the recall notice. Soon thereafter, Miller delivered the van to Davies Ford, a Ford dealership, to have the SCDS replaced. That same day, Miller returned to retrieve his vehicle and was informed that the SCDS had been repaired. On October 14, 2009, the van caught fire, resulting in damage to the engine compartment and interior. At the time of the fire, the van was unattended and the engine was off. Miller alleged that the fire and resulting damage were directly caused by Davies Ford's negligence in failing to properly repair the defective SCDS.

The case was eventually referred to an arbitration panel on January 20, 2014. The panel issued an award in favor of Davies Ford, concluding that Miller had failed to offer sufficient evidence to prove his claim. Miller then appealed the panel's decision to the trial court on February 20, 2015. Davies Ford filed a motion for summary judgment on March 19, 2015, arguing that Miller had failed to offer evidence to prove two elements of his claim for negligence. On April 14, 2015, Miller filed a response to Davies Ford's motion, attaching a copy

---

[2] Miller originally filed this action in Magisterial District Court. The Magistrate Judge dismissed Miller's action after a hearing on December 5, 2011. On January 3, 2012, Miller filed a notice of appeal to the trial court and subsequently filed his complaint on January 19, 2012.

[3] The SCDS is a small electronic component that disengages the vehicle's cruise control when the brake pedal is pressed.

of an expert report by a mechanic. The expert report stated that the fire originated from the area in the engine compartment where the SCDS was located and was likely caused by the malfunctioning SCDS.

After oral argument, the trial court granted Davies Ford's motion, concluding that Miller had failed to offer evidence showing that Davies Ford was negligent, and, moreover, even if Miller had shown that Davies Ford was negligent, he had failed to demonstrate that Davies Ford's actions were the cause-in-fact of the fire. In its opinion, the trial court noted that Miller's expert report specifically stated that "the entire left front portion of the engine compartment and its components had been completely destroyed and [were] incapable of being recognized." (Response to Motion for Summary Judgment, Attachment at 1). The trial court emphasized that the expert had admitted that the engine contents were unrecognizable, yet he was still able to determine that either a master cylinder or the SCDS had caused the fire.[4]

Miller filed a notice of appeal from the trial court's order granting summary judgment on September 2, 2015. In his concise statement of errors complained of on appeal pursuant to Pa. R.A.P. 1925(b), Miller averred that the trial court erred in (1) concluding that he had failed to present sufficient evidence of the breach and causation elements of negligence; (2) requiring expert testimony

---

[4] In its opinion, the trial court seems to interpret the expert report as finding that either the master cylinder or the SCDS caused the fire. The expert report, however, concludes that the cause of the fire was the SCDS acting in conjunction with the master cylinder, rather than either component individually.

to prove his claim for negligence, and (3) failing to apply the doctrine of *res ipsa loquitor*.[5]

Our standard of review of a trial court's order granting summary judgment is *de novo*, and our scope of review is plenary. *Herring v. City of Jeannette*, 47 A.3d 202, 204 n.1 (Pa. Cmwlth. 2012). In reviewing an order granting summary judgment, we apply the same standard as the trial court. *Pyeritz v. Cmwlth.*, 32 A.3d 687, 692 (Pa. 2011). A grant of summary judgment is only appropriate where the record clearly shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *Id*. "When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party." *Summers v. Certainteed Corp.,* 997 A.2d 1152, 1159 (Pa. 2010). Any doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *LJL Transp., Inc. v. Pilot Air Freight Corp.*, 962 A.2d 639, 647 (Pa. 2009); *Royal v. Se. Pa. Transp. Auth.*, 10 A.3d 927, 929 n.2 (Pa. Cmwlth. 2010).

Negligence is established by proving the following four elements: "(1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages."

---

[5] Miller additionally makes broad statements regarding violations of his constitutional rights of due process and equal protection. (Miller's Br. at 4, 10, 11). Miller did not raise these arguments before the trial court or in his concise statement of errors complained of on appeal. Further, Miller does not develop any argument on how his constitutional rights were violated. Thus, these arguments are deemed waived on appeal. *Purple Orchid, Inc. v. Pa. State Police*, 813 A.2d 801, 804 (Pa. 2002); *Commonwealth v. Holtzapfel*, 895 A.2d 1284, 1287 (Pa. Cmwlth. 2006).

4

*Grossman v. Barke*, 868 A.2d 561, 566 (Pa. Super.) (citation omitted), *appeal denied*, 889 A.2d 89 (Pa. 2005). The parties do not contest that Miller has established the first and fourth prongs. Davies Ford owed a duty to complete its repair of Miller's van in a reasonable manner, and Miller was actually aggrieved by the damage to his van. The trial court specifically held that Miller had failed to produce any evidence that Davies Ford had breached its duty and that such a breach was the cause of Miller's harm. In support of its decision to grant Davies Ford's motion for summary judgment, the trial court stated that "[i]t is, of course, natural to assume that a repair that was effected five days earlier to prevent a fire hazard was actually responsible for the fire, especially when there is no other cause, but this is an example of the logical fallacy *post hoc ergo propter hoc…* [t]emporal sequence does not equal causation."

Miller argues that the trial court erred by granting summary judgment "when [Davies Ford] claimed the necessity of an expert witness." Expert testimony is not required in all negligence cases; however, it is required "when the subject matter of the inquiry is one involving special skills and training not common to the ordinary lay person." *Storm v. Golden*, 538 A.2d 61, 64 (Pa. Super. 1988) (internal citations omitted), *appeal denied*, 574 A.2d 71 (Pa. 1989). Miller's claim for negligence hinges upon whether the faulty SCDS was the cause-in-fact of the fire, and, if so, whether Davies Ford correctly serviced the van as instructed by the recall notice. A defect or mechanical failure in an automobile is a case involving special skills and training which requires expert testimony to prove negligence. *Brandon v. Ryder Truck Rental, Inc.*, 34 A.3d 104, 110 (Pa. Super. 2011). Whether the SCDS was correctly serviced and whether the SCDS malfunctioned are determinations beyond the skills and training of an ordinary lay

5

person. The trial court, therefore, did not err in determining that an expert witness is required to prove negligence in this case.

Miller also argues that the trial court erred in failing to apply the doctrine of *res ipsa loquitor.*

> The theory of *res ipsa loquitur* relies upon the fact that the negligence of the defendant is presumed to have caused the harm suffered by the plaintiff when:
>
> > (a) the event is of the kind which ordinarily does not occur in the absence of negligence;
> >
> > (b) other responsible causes, including conduct of the plaintiff and third persons, are sufficiently eliminated by the evidence; and
> >
> > (c) the indicated negligence is within the scope of the defendant's duty to the plaintiff.

*Biddle v. Dep't of Transp.*, 817 A.2d 1213, 1216 (Pa. Cmwlth.) (citing RESTATEMENT (SECOND) OF TORTS § 328(D) (1965)), *appeal denied*, 830 A.2d 976 (Pa. 2003). Miller has clearly failed to meet the second prong of this test, which requires that "other responsible causes" be "sufficiently eliminated." *See id.* At the time of the incident, Miller's van was approximately 17 years old, and some other manufacturing or age-related defect could reasonably have been the cause-in-fact of the fire. Further, Ford had recently issued a recall notice, and it is possible that Davies Ford completed the repair in accordance with the instructions provided by Ford, but that the instructions were inadequate. It is possible that the conduct of a third party, Ford, could have caused the harm rather than the conduct of Davies Ford. Miller, therefore, has failed to sufficiently eliminate other

6

potential causes of the damage to his vehicle and, thus, cannot rely on the doctrine of *res ipsa loquitor* to establish causation.

Having established that the trial court did not err in holding that an expert witness is necessary in this case to prove negligence and that the doctrine of *res ipsa loquitor* does not apply, we now must examine whether Miller produced sufficient evidence to survive summary judgment. Specifically, we examine whether Miller's proffered expert report was sufficient to create a genuine issue of material fact which should have been submitted to a jury.

In cases where expert testimony is necessary, the expert's opinion must be made within a reasonable degree of certainty and cannot be based on conjecture or surmise. Pa. R.E. 703; *Gillingham v. Consol Energy, Inc.*, 51 A.3d 841, 849 (Pa. Super. 2012), *appeal denied*, 75 A.3d 1282 (Pa. 2013). "[I]t is not sufficient to state that something could have happened." *Smail v. Flock*, 180 A.2d 59, 61 (Pa. 1962). It is well-settled, however, that the credibility and weight attributed to experts' conclusions are not proper considerations at summary judgment; rather, such determinations reside in the sole province of the trier of fact. *Summers*, 997 A.2d at 1161.

The expert report at issue was prepared by a mechanic who had examined the van after the damage had occurred. The expert concluded that the fire had resulted from a combination of two components: the master brake cylinder and the SCDS. He opined that the brake cylinder had likely leaked flammable brake fluid and that corrosion from the faulty SCDS had ignited the brake fluid. Specifically, he noted that the corrosion could spread while the vehicle was parked and the ignition switch was not engaged. In support of this conclusion, he stated that, despite the destruction of the components themselves, he

7

was able to determine that the fire had originated from a particular area of the engine compartment where the cylinder and SCDS were located. Thus, he was able to conclude within a reasonable degree of professional certainty that the SCDS, in conjunction with the cylinder, had caused the fire.

The expert further noted that "[i]n my expert opinion, and to a reasonable degree of mechanical certainty, the installation of the wiring harness on this vehicle was not the correct or appropriate means…which could have succeeded in making this vehicle safe and thus free of the potential danger of catching fire." (Response to Motion for Summary Judgment, Attachment at 2). According to the recall notice issued by Ford, the dealership had two options for replacing the SCDS: a "Dry Repair (Non-Leaking SCDS)" or a "Wet Repair (Leaking SCDS)." A dealership must initially examine the SCDS and its wiring harness to determine if any brake fluid was present. If no brake fluid was noted, the dealership was to follow the "Dry Repair" instructions and replace only the wiring harness. If the inspecting mechanic noted the presence of brake fluid, the SCDS and wiring harness were both to be replaced entirely. The work order given to Miller after the completion of the repair noted that the SCDS was dry with no leaks and that only the harness was replaced.

The trial court, in reviewing Miller's expert report, did not opine as to the credibility or weight of the expert's conclusions. Instead, the trial court found that the conclusions reached by the expert did not support Miller's claim that Davies Ford was negligent or that any negligent act Davies Ford may have committed was the actual cause of the harm. According to Miller's expert report, the installation of a wiring harness was not the proper method to repair the SCDS on this vehicle because the corrosion from the faulty SCDS would have likely still

8

resulted in the ignition of the brake fluid. The trial court explained that the inadequacy of the wiring harness would attribute negligence to Ford for improperly instructing dealers how to correct the malfunctioning SCDS rather than to Davies Ford who merely followed the recall instructions. In reaching this conclusion, the trial court did not consider that the instructions may have been adequate, but Davies Ford failed to properly follow them.

The expert opinion proffered by Miller unequivocally concludes that the SCDS was the cause of the fire and that the method used by Davies Ford to repair the SCDS was not the proper method to correct the malfunctioning component. While it is possible that error may also be attributed to Ford itself for creating improper recall instructions, fault also may lie with Davies Ford for failing to follow or properly execute the recall instructions, or for failing to recognize that additional repairs were required to make the vehicle safe.[6] Viewing the facts of record in the light most favorable to the nonmoving party, a jury may reasonably infer that Davies Ford incorrectly assessed whether to use the "Wet Repair" or "Dry Repair" methods indicated on the Ford recall instructions, performed the

---

[6] We do not embrace the dissent's view that the expert report supports only a claim against Ford. Miller sought a repair of his vehicle from Davies Ford, not Ford. Davies Ford agreed to perform that repair. Miller, like any person who takes a vehicle into a dealership for repair or service, was dealing with the dealership and expected the dealership to repair his vehicle. Miller relied on Davies Ford, not Ford, to do so. Davies Ford, therefore, owed a duty to repair Miller's vehicle. It is the breach of that duty which forms the basis of Miller's suit, not some alleged but unspecified duty owed by Ford to Miller and certainly not, as the dissent claims, a narrower duty to execute a "corporate-sanctioned repair." Davies Ford certainly could claim that it repaired Miller's vehicle as instructed by Ford, but such a claim does not absolve Davies Ford of its potential liability to Miller for effecting a negligent repair. It may, however, support a third-party claim by Davies Ford against Ford. *See* Pa. R.C.P. 2251-2257 (relating to joinder of additional defendants).

9

repair improperly, or failed to recognize that other repairs were necessary to make the vehicle safe. A jury could reasonably conclude that Davies Ford failed to inspect the vehicle in a reasonable and workmanlike manner or otherwise improperly completed the repair. Thus, a genuine issue of material fact exists. The trial court, therefore, erred in granting Davies Ford's motion for summary judgment.

For the reasons discussed above, the order of the trial court is reversed.

_____
P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carl F. Miller, Jr., an individual,      :
                                        Appellant    :
                                                   :
                    v.                   :    No. 1654 C.D. 2015
                                                   :
Davies Ford, Inc., a corporation     :

## O R D E R

AND NOW, this 1st day of September, 2016, the order of the Court of Common Pleas of Washington County is REVERSED and this matter is REMANDED for further proceedings consistent with the foregoing opinion.

_____
P. KEVIN BROBSON, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carl F. Miller, Jr.,  an individual,     :
     : No. 1654 C.D. 2015
                  Appellant     : Submitted:  April 22, 2016
     :
               v.     :
     :
Davies Ford, Inc.,     :
a corporation     :


BEFORE:    HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge


DISSENTING OPINION
BY JUDGE WOJCIK               FILED:  September 1, 2016

I respectfully dissent.  I disagree with the majority's determination to reverse the trial court's grant of summary judgment and remand for further proceedings because Carl F. Miller, Jr. (Plaintiff), the burdened party, did not prove his negligence claim against Davies Ford, Inc. (Defendant).

A non-moving party to a motion for summary judgment "must adduce sufficient evidence" on all the issues essential to his case and on which he bears the burden of proof, such that a jury could return a verdict in his favor.  *Ertel v. Patriot-News Company*, 674 A.2d 1038, 1042 (Pa.), *cert. denied*, 519 U.S. 1008 (1996).  "In any case sounding in negligence, a plaintiff must demonstrate: (1) a duty of care; (2) the breach of the duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the plaintiff."  *Farabaugh v. Pennsylvania Turnpike Commission,* 911 A.2d 1264,

1272-73 (Pa. 2006); *accord Grossman v. Barke*, 868 A.2d 561, 566 (Pa. Super.), *appeal denied*, 889 A.2d 89 (Pa. 2005).

In this case, there is no dispute that Plaintiff satisfied the first and fourth prongs. In order for Plaintiff to survive summary judgment, he needed to offer sufficient evidence on *all four* elements. Contrary to the majority, I do not believe that Plaintiff adduced sufficient evidence to satisfy the second and third prongs. More particularly, Plaintiff did not offer sufficient proof that Defendant breached a duty owed to him or that there was a causal connection between Defendant's repair and the subsequent damage to his vehicle.

Plaintiff alleged that he took his vehicle to Defendant after receiving notice that a speed control deactivation switch (SCDS) installed in certain vehicles could potentially cause a fire in the engine compartment. Days after Defendant made the repair, Plaintiff's vehicle caught fire. Plaintiff alleged that the fire and resulting damage to his vehicle were directly caused by Davies Ford, Inc.'s (Defendant) negligence.

In support of his negligence claim, Plaintiff offered the report of Paul Reed, a mechanic who examined the vehicle after the fire. In the report, Reed stated that the engine was completely destroyed beyond recognition. Notwithstanding, he stated that the fire originated from the engine compartment, where the SCDS was located. Reed surmised that the vehicle fire was caused by either the master cylinder designed to hold brake fluid, which is highly flammable, or cruise control device acting in conjunction with the SCDS.

Reed reviewed the work order prepared by Defendant, which showed its technician installed a "wiring harness," per instructions from the Ford Motor Company to correct the SCDS defect. Certified Record, Item No. 34, Plaintiff's

Response in Opposition to Defendant's Motion for Summary Judgment, Attachment 1. He opined that the wiring harness "was not the correct or appropriate means, nor the correct or appropriate component, which could have succeeded in making this vehicle safe and thus, free of the potential danger of catching fire as a result of brake fluid leaking into the electrical side of the switch." *Id.*

Significantly, Reed did not opine that Defendant improperly or negligently performed the repair or failed to recognize that other repairs were necessary to render the vehicle safe. Certified Record, Item No. 34 (Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment, Attachment 1. At best, Reed's conclusion supports a claim against Ford Motor Company, which was not named in the suit, based on its recommended method of repair for the SCDS defect. Unfortunately, Reed's report does not support Plaintiff's claim that Defendant breached its duty in executing the corporate-sanctioned repair or that any such breach caused the harm suffered.

For these reasons, I believe Defendant was entitled to summary judgment as a matter of law. *See Young v. Pennsylvania Department of Transportation*, 744 A.2d 1276, 1277 (Pa. 2000) (where a non-moving party to a motion for summary judgment does not adduce sufficient evidence on the issues essential to his case, the moving party is entitled to judgment as a matter of law). Thus, I would affirm the trial court's grant of summary judgment.

_____
MICHAEL H. WOJCIK, Judge

MHW - 3